1 | NICOLA T. HANNA
United States Attorney
2 | BRANDON D. FOX
Assistant United States Attorney
3 | Chief, Criminal Division
STEVEN R. WELK
4 | Assistant United States Attorney
Chief, Asset Forfeiture Section
5 | DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorney
6 | Asset Forfeiture Section
     1400 United States Courthouse
7 |    312 North Spring Street
     Los Angeles, California 90012
8 |    Telephone: (213) 894-2426
     Facsimile: (213) 894-0141
9 |    E-mail:   Daniel.Boyle2@usdoj.gov

10 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

11 |

12 |              UNITED STATES DISTRICT COURT

13 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 | UNITED STATES OF AMERICA,        No. CR  2:20-cr-00625-JAK

15 |          Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                     KYLE CONLEY
16 |              v.

17 | KYLE CONLEY,

18 |          Defendant.

19 |

20 |      1.   This constitutes the plea agreement between Kyle Conley

21 | ("defendant") and the United States Attorney's Office for the Central

22 | District of California (the "USAO") in the above-captioned case. This

23 | agreement is limited to the USAO and cannot bind any other federal,

24 | state, local, or foreign prosecuting, enforcement, administrative, or

25 | regulatory authorities.

26 |                   DEFENDANT'S OBLIGATIONS

27 |      2.   Defendant agrees to:

FILED
CLERK, U.S. DISTRICT COURT

12/22/2020

CENTRAL DISTRICT OF CALIFORNIA
BY:     JB     DEPUTY

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A, or a substantially similar form, which charges defendant with Attempted Importation of 3,4-Methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C. §§ 963, 952(a).

b.    Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing

2

1   regarding alleged violations of the conditions of pretrial release by

2   VTC or telephone, if VTC is not reasonably available.

3         c.   Not commit any crime or any act constituting

4   obstruction of justice; however, offenses that would be excluded for

5   sentencing purposes under United States Sentencing Guidelines

6   ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the

7   scope of this agreement.

8         d.   Not contest facts agreed to in this agreement.

9         e.   Abide by all agreements regarding sentencing contained

10  in this agreement.

11        f.   Appear for all court appearances, surrender as ordered

12  for service of sentence, obey all conditions of any bond, and obey

13  any other ongoing court order in this matter.

14        g.   Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16        h.   Pay the applicable special assessment at or before the

17  time of sentencing unless defendant has demonstrated a lack of

18  ability to pay such assessments.

19                    THE USAO'S OBLIGATIONS

20  3.   The USAO agrees to:

21        a.   Not contest facts agreed to in this agreement.

22        b.   Abide by all agreements regarding sentencing contained

23  in this agreement.

24        c.   At the time of sentencing, provided that defendant

25  demonstrates an acceptance of responsibility for the offense up to

26  and including the time of sentencing, recommend a two-level reduction

27  in the applicable Sentencing Guidelines offense level, pursuant to

28

1    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2    additional one-level reduction if available under that section.

3         d.    At the time of sentencing, provided that (i) defendant

4    complies with paragraph 2 and the other provisions of this agreement

5    up through the time of sentencing, (ii) the Court adopts the

6    Sentencing Factors set forth in paragraph 11, and (iii) the Court

7    does not depart downward in criminal history category, recommend a

8    two-level downward variance in offense level based on the factors set

9    forth in 18 U.S.C. § 3553(a).[1]

10        e.    Recommend that defendant be sentenced to a term of

11   imprisonment no higher than the low end of the applicable Sentencing

12   Guidelines range, provided that the offense level used by the Court

13   to determine that range is 15 or higher. For purposes of this

14   agreement, the low end of the Sentencing Guidelines range is that

15   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

16                  POSSIBLE PARTICIPATION IN CASA PROGRAM

17        4.    Defendant has requested consideration for participation in

18   the Court's Conviction and Sentence Alternatives ("CASA") program.

19   Defendant understands that his application will be reviewed by the

20   USAO and the CASA program team using their ordinary procedures for a

21   determination whether defendant would be accepted for participation

22

23   _____

24        [1] Because the justice system is facing an unprecedented crisis
     through the backlog of cases, the parties agree that the defendant is
     entitled to a two-level variance as recognition of defendant's early
25   acceptance of responsibility, which will lessen the burden on the
     court system by: (1) waiving any right to presence and pleading
26   guilty at the earliest opportunity by VTC (or telephone, if VTC is
     not reasonably available); (2) waiving any right to presence and
27   agreeing to be sentenced by VTC (or telephone, if VTC is not
     reasonably available) should the Central District of California's
28   General Order allow for it; (3) agreeing to appear at all other times
     by VTC or telephone; and (4) waiving all appellate rights.

                                  4

in the CASA program, and there is no certainty that defendant would
be accepted for participation in the CASA program. With this
understanding in mind, defendant and the USAO agree as follows:

      a.   After entry of defendant's guilty plea, defendant and
the USAO will request that preparation of a presentence report be
delayed, that any previously set sentencing date be vacated, and that
a status conference be scheduled for a date approximately 30 days
after entry of defendant's guilty plea;

      b.   If the CASA program team determines that defendant
should be accepted for participation in the CASA program, defendant
and the USAO will execute an amended plea agreement incorporating the
terms of defendant's participation in the CASA program, leaving all
other terms of the instant plea agreement in effect ("CASA plea
agreement");

      c.   If defendant and the USAO file a CASA plea agreement,
they will jointly request that the court (i) order that this case be
transferred to the CASA judicial officer; (ii) refer defendant to the
CASA program for the CASA program judicial officer to take
defendant's amended guilty plea pursuant to the CASA plea agreement;
and (iii) permit defendant to begin his participation in the CASA
program;

      d.   If either: (i) defendant is not accepted for
participation in the CASA program, or (ii) the Court does not agree
to allow defendant's participation in the CASA program, then the
Court shall be so advised at or prior to the status conference
referenced in subparagraph (a) above, defendant's guilty plea
pursuant to this agreement shall remain in place, and the parties
will jointly request that the Court set a date for defendant's

1  sentencing and order that the United States Probation Office prepare

2  defendant's presentence report.

### NATURE OF THE OFFENSE

4      5.    Defendant understands that for defendant to be guilty of

5  the crime charged, that is, Attempted Importation of 3,4-

6  Methylenedioxymethamphetamine ("MDMA"), in violation of Title 21,

7  United States Code, Sections 963, 952(a), the following must be true:

8  (i) Defendant intended to import MDMA into the United States from any

9  place outside thereof; and (ii) Defendant did something that was a

10  substantial step toward committing the crime and that strongly

11  corroborated the defendant's intent to commit the crime.

### PENALTIES

13      6.    Defendant understands that the statutory maximum sentence

14  that the Court can impose for a violation of Title 21, United States

15  Code, Sections 963, 952(a), is: 20 years imprisonment; a three-year

16  period of supervised release; a fine of $1,000,000 or twice the gross

17  gain or gross loss resulting from the offense, whichever is greatest;

18  and a mandatory special assessment of $100.

19      7.    Defendant understands that supervised release is a period

20  of time following imprisonment during which defendant will be subject

21  to various restrictions and requirements. Defendant understands that

22  if defendant violates one or more of the conditions of any supervised

23  release imposed, defendant may be returned to prison for all or part

24  of the term of supervised release authorized by statute for the

25  offense that resulted in the term of supervised release.

26      8.    Defendant understands that under 21 U.S.C. § 862a,

27  defendant will not be eligible for assistance under state programs

28  funded under the Social Security Act or Federal Food Stamp Act or for

federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an

absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and until on or about October 2, 2019, in Los Angeles County, within the Central District of California and elsewhere, defendant attempted to import approximately 970 grams of liquid Methylenedioxymethamphetamine (the "Liquid MDMA"), which defendant intended to further refine and process into a useable powder form. Specifically, defendant used the "Wickr" application to contact an individual identified as "vangrails," from whom the defendant purchased the Liquid MDMA using cryptocurrency transferred from an online virtual currency wallet. Defendant understood that the Liquid MDMA would be shipped from the Netherlands, or another location outside the United States, to defendant's home in Los Angeles County.

In addition, on or about October 2, 2019, defendant possessed approximately 175 tablets of MDMA, as well as approximately 18 grams

of MDMA in powder form. At the time defendant possessed this MDMA, defendant also possessed approximately 105 grams of cocaine in powder form, which is a Schedule II controlled substance, and approximately 27 grams of ketamine, which is a Schedule III controlled substance. Defendant intended to distribute some or all of this MDMA, cocaine, and ketamine to others.

Defendant and the USAO agree that the Liquid MDMA would have been substantially reduced in weight during processing into a useable powder form for consumption. Accordingly, the parties agree that, for sentencing purposes, the total converted drug weight of all narcotics described herein should be at least 60 kilograms, but less than 80 kilograms.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2D1.1(a)(5), (c)(10) |
| Safety Valve Criteria | -2 | U.S.S.G. § 2D1.1(b)(18) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Agreed-Upon Downward Variance | -2 | 18 U.S.C. § 3553(a) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.   Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in the Indictment;

b.   The offense charged in the Indictment did not result in death or serious bodily injury to any person;

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in the Indictment and was not engaged in a continuing criminal enterprise; and

d.   Defendant has truthfully proffered to the government concerning the offense conduct at issue.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

2  (a)(2), (a)(3), (a)(6), and (a)(7).

3  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4      17.   Defendant understands that by pleading guilty, defendant

5  gives up the following rights:

6      a.   The right to persist in a plea of not guilty.

7      b.   The right to a speedy and public trial by jury.

8      c.   The right to be represented by counsel -- and if

9  necessary have the Court appoint counsel -- at trial. Defendant

10  understands, however, that, defendant retains the right to be

11  represented by counsel -- and if necessary have the Court appoint

12  counsel -- at every other stage of the proceeding.

13      d.   The right to be presumed innocent and to have the

14  burden of proof placed on the government to prove defendant guilty

15  beyond a reasonable doubt.

16      e.   The right to confront and cross-examine witnesses

17  against defendant.

18      f.   The right to testify and to present evidence in

19  opposition to the charges, including the right to compel the

20  attendance of witnesses to testify.

21      g.   The right not to be compelled to testify, and, if

22  defendant chose not to testify or present evidence, to have that

23  choice not be used against defendant.

24      h.   Any and all rights to pursue any affirmative defenses,

25  Fourth Amendment or Fifth Amendment claims, and other pretrial

26  motions that have been filed or could be filed.

27

28

## WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

19.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a

12

1   post-conviction collateral attack based on a claim of ineffective

2   assistance of counsel or an explicitly retroactive change in the

3   applicable Sentencing Guidelines, sentencing statutes, or statutes of

4   conviction. Defendant understands that this waiver includes, but is

5   not limited to, arguments that the statute to which defendant is

6   pleading guilty is unconstitutional, that newly discovered evidence

7   purportedly supports defendant's innocence, and any and all claims

8   that the statement of facts provided herein is insufficient to

9   support defendant's plea of guilty.

10      21.   The USAO agrees that, provided all portions of the sentence

11   are at or above the statutory minimum and at or below the statutory

12   maximum specified above, the USAO gives up its right to appeal any

13   portion of the sentence.

14                  RESULT OF WITHDRAWAL OF GUILTY PLEA

15      22.   Defendant agrees that if, after entering a guilty plea

16   pursuant to this agreement, defendant seeks to withdraw and succeeds

17   in withdrawing defendant's guilty plea on any basis other than a

18   claim and finding that entry into this plea agreement was

19   involuntary, then the USAO will be relieved of all of its obligations

20   under this agreement.

21                     EFFECTIVE DATE OF AGREEMENT

22      23.   This agreement is effective upon signature and execution of

23   all required certifications by defendant, defendant's counsel, and an

24   Assistant United States Attorney.

25                        BREACH OF AGREEMENT

26      24.   Defendant agrees that if defendant, at any time after the

27   signature of this agreement and execution of all required

28   certifications by defendant, defendant's counsel, and an Assistant

                              13

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits

14

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2     29.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5

6 AGREED AND ACCEPTED

7 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF

8 CALIFORNIA

9 NICOLA T. HANNA
United States Attorney

10

11     *D. Boyle*                               12/15/2020

12 DAN G. BOYLE                              Date
Assistant United States Attorney

13                                           12/10/20

14 KYLE CONLEY                               Date
Defendant

15                                           12/10/20

16 PETER SEBASTIAN                           Date
Attorney for Defendant KYLE CONLEY

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          12/10/20
KYLE CONLEY                              _____
Defendant                                Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KYLE CONLEY's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     12/10/20
PETER SEBASTIAN                      Date
Attorney for Defendant KYLE CONLEY

18

# Exhibit A

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,              No.

11            Plaintiff,               I N F O R M A T I O N

12            v.                       [21 U.S.C. §§ 963, 952(a),
                                       960(a)(1), (b)(3): Attempted
13   KYLE CONLEY,                      Importation of MDMA]

14            Defendant.

15

16

17        The United States charges:

18              [21 U.S.C. §§ 963, 952(a), 960(a)(1), (b)(3)]

19        Beginning on an unknown date and continuing until on or about

20   October 2, 2019, in Los Angeles County, within the Central District

21   of California, defendant KYLE CONLEY knowingly and intentionally

22   attempted to import into the United States 3,4-

23   //

24   //

25   //

26

27

28

1   Methylenedioxymethamphetamine ("MDMA" or "ecstasy"), a Schedule I

2   controlled substance.

3                                      NICOLA T. HANNA
                                     United States Attorney

4

5                                      BRANDON D. FOX
                                     Assistant United States Attorney
                                     Chief, Criminal Division

6

7

8                                      SCOTT M. GARRINGER
                                     Assistant United States Attorney

9                                      Deputy Chief, Criminal Division

10                                      STEVEN R. WELK
                                     Assistant United States Attorney

11                                      Chief, Asset Forfeiture Section

12                                      DAN G. BOYLE
                                     Assistant United States Attorney

13                                      Asset Forfeiture Section

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28